# EXHIBIT A-5

DCCA No. 22-BG-0059

**DISTRICT OF COLUMBIA COURT OF APPEALS**



Clerk of the Court
Received 11/07/2022 05:25 PM
Filed 11/07/2022 05:25 PM

|  |  |
|---|---|
| In the Matter of<br><br>**JEFFREY B. CLARK, ESQ.**<br><br>Respondent,<br><br>A Member of the Bar of the District of Columbia Court of Appeals.<br>Bar Number: 455315<br>Date of Admission:  July 7, 1997 | **Disciplinary Docket No. 2021-D193**<br>**Board Docket No. 22-BD-039** |

### <u>DISCIPLINARY COUNSEL'S REPLY TO RESPONDENT'S RESPONSE TO MOTION TO ENFORCE</u>

On October 26, 2022, Disciplinary Counsel moved the Court, pursuant to D.C. Bar Rule XI, § 18(d), for an order enforcing a subpoena *dues tecum* and compelling Respondent to produce certain documents set forth in the attachment to that subpoena.  On November 4, 2022, Respondent filed a response to Disciplinary Counsel's motion, arguing 1) the Court is without authority to act on the motion because he has removed his disciplinary matter to federal court, 2) the motion should be denied for reasons previously set forth in his briefing in opposition to Disciplinary

1

Counsel's investigative subpoena, and 3) the subpoena *sub judice* was invalidly issued as an investigative-stage subpoena.

Contrary to Respondent's argument, 28 U.S.C. § 1446(d), assuming it applies, does not prohibit Disciplinary Counsel from filing its motion to enforce with this Court.  Rather, § 1446(d) only prohibits a state court from proceeding in a civil matter after removal has been effectuated until the case is remanded from federal court.  Furthermore, disciplinary proceedings in the District of Columbia are "quasi-criminal" in nature, *In re Fay*, 111 A.3d 1025, 1031 (D.C. 2015), and removal of criminal matters does not prevent a state court from proceeding until after the federal court has determined that removal was proper.  28 U.S.C. § 1455(b).  Respondent acknowledges that the nature of disciplinary proceedings adds "complexity" to the question of when this Court can decide the motion to enforce.  Resp. 4.

Respondent takes issue with Disciplinary Counsel attempting to argue that § 1455 applies to removal in this matter rather than § 1446, but that issue need not be decided by this Court.  Considering that there is colorable ambiguity on this issue and that the federal court will likely decide it soon, Disciplinary Counsel submits that it would be prudent for the Court to hold the motion in abeyance until the matter is remanded to the Board on Professional Responsibility.  As discussed more *infra*, Respondent has consistently attempted to delay the inevitable in this case – a hearing

2

on the merits of the Specification of Charges. Any ruling issued by this Court on the motion prior to remand, regardless of its propriety, would surely be challenged as another avenue of delay.

Respondent argues in his Response that the subpoena *sub judice* is invalid because of boilerplate language at the top of the form indicating that it was "ISSUED IN CONNECTION WITH A CONFIDENTIAL INVESTIGATION …." This argument has no merit because Respondent knew that the subpoena would be issued pursuant to Rule XI, § 18(a) for documents to be used at the evidentiary hearing. On September 15, 2022, this Court denied as moot Disciplinary Counsel's motion to enforce its first subpoena to Respondent, observing that Disciplinary Counsel had issued that subpoena during its investigation, but that charges had been filed while the motion to enforce was pending. The Court noted that Rule XI, § 18(a) "provides that once formal disciplinary proceedings are initiated the subpoena to compel attendance and production of documents may be issued by either Disciplinary Counsel or a member of the Hearing Committee." At the pre-hearing conference on October 6, 2022, Disciplinary Counsel informed both the Hearing Committee Chair and Respondent's counsel that it would "take the court's suggestion and serve a subpoena" on Respondent "simply for documents" and that this new subpoena would "track the subpoena we served earlier" with some possible minor revisions.

3

Exhibit 1 (Tr. 76). Indeed, the subpoena *sub judice* is not identical to the first but rather a slimmer request.

Respondent concedes that the subpoena "does not explicitly identify the rule under which it was issued." Resp. 8. Contrary to Respondent's argument, form is not dispositive in deciding that question. Rather, *when* Disciplinary Counsel issued the subpoena is dispositive. The first subpoena was issued pre-charging and therefore fell under Rule XI, § 18(b), which requires subpoenas issued during investigations to clearly state so on their face to maintain the confidentiality of those investigations. The current subpoena was issued post-charging and therefore falls under § 18(a). Disciplinary Counsel uses the same subpoena form regardless of timing. The fact that the subpoena *sub judice* included boilerplate confidentiality language does not transform it from one issued post-charging to one issued during a investigation. It is disingenuous for Respondent to argue otherwise, and he should be required to comply with the subpoena's lawful command.

Finally, Respondent's frivolous removal of the disciplinary matter to federal court, and his challenge to the subpoena *sub judice*, are part of his continuing strategy of delay. During the investigation, Respondent took several months before responding to the allegations of misconduct, then asserted his right against self-incrimination and refused to respond to the allegations. Respondent also did not

respond to Disciplinary Counsel's subpoena issued during the investigation, instead belatedly raising service issues, and asserting that the act of production would violate his right against self-incrimination even though the documents called for were exculpatory rather than incriminating. Disciplinary Counsel moved to enforce its investigative subpoena with this Court. While that issue was pending, Disciplinary Counsel determined that it had sufficient evidence to charge Respondent without waiting for the subpoenaed documents. After the charges were filed, Respondent obtained an extension to file an answer, and when he did, he asserted his right against self-incrimination along with approximately 50 affirmative defenses. He did not, however, answer the factual allegations in the Specification of Charges other than to admit he is a member of the D.C. Bar. Respondent thereafter moved to dismiss the charges, and he requested that the disciplinary matter be deferred. The Hearing Committee cannot rule on the motion to dismiss, instead only being able to make a recommendation to the Board after the evidentiary hearing. The Hearing Committee Chair recommended that the Board deny the request to the defer, and the Board adopted that position. Rather than proceed to an evidentiary hearing, and having nowhere else to turn, Respondent then removed the matter to federal court despite this Court's clear disciplinary jurisdiction over him as a member of the D.C. Bar. Disciplinary Counsel filed a motion to remand, which is pending.

The evidentiary hearing in this matter is scheduled to begin before the Hearing Committee on January 9, 2023. Briefing on Disciplinary Counsel's motion to enforce is now complete with the filing of this Reply (Respondent incorporated by reference his arguments to the first subpoena in his Response). The Court should decide the motion as expeditiously as possible following remand to avoid any postponement of the hearing. Respondent should not be rewarded with additional delay for the tactics he has employed so far.

## CONCLUSION

Disciplinary Counsel respectfully requests that the Court hold its motion to enforce in abeyance until the federal court remands the disciplinary matter to the Board on Professional Responsibility. After remand, Disciplinary Counsel requests that the Court grant its motion expeditiously and order Respondent to comply with the subpoena no later than one week from the issuance of its order.

Respectfully submitted,

*Hamilton P. Fox, III*
_____
Hamilton P. Fox, III
Disciplinary Counsel
Bar Registration No. 113050

/s/ Jason R. Horrell
Jason R. Horrell
Assistant Disciplinary Counsel

Bar Registration No. 1033885

OFFICE OF DISCIPLINARY COUNSEL
515 5th Street, N.W.
Building A, Room 117
Washington, D.C.  20001
202-638-1501

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2022, I caused a copy of the foregoing *Disciplinary Counsel's Reply to Respondent's Response to Motion to Enforce* to be filed with the District of Columbia Court of Appeals via the court's e-filing system, and that copies were served on the Board of Professional Responsibility c/o Case Managers to casemanagers@dcbpr.org, and to Respondent's counsel via email to Harry W. MacDougald, Esquire, to hmacdougald@CCEDlaw.com, to Charles Burnham, Esquire, to charles@burnhamgorokhov.com, and Robert A. Destro, Esquire, to Robert.destro@protonmail.com.

/s/ Jason R. Horrell
Jason R. Horrell
Assistant Disciplinary Counsel

# Exhibit 1



RECEIVED
Oct 11 2022 11:04am
Board on Professional Responsibility

**Date:** October 6, 2022

**Case:** In Re:  Jeffrey B. Clark



Ace-Federal Reporters, Inc.
Phone: 202-347-3700
Fax: 202-737-3638
Email: info@acefederal.com
Internet: www.acefederal.com

```
       The Board on Professional Responsibility

                     Pre-Hearing

   In re Jeffrey B. Clark, Board DNo. 22-BD-039 /

   Disciplinary DNo. 2021-D193

                        ZOOM

          Thursday, October 6, 2022 9:30 AM

   PARTICIPANTS

   Hearing Committee Number Twelve

   Merril Hirsh, Esquire

   Chair



   Hamilton P. Fox, III, Esquire

   Disciplinary Counsel

   Jason R. Horrell, Esquire

   Assistant Disciplinary Counsel



   Charles Burnham, Esquire

   Harry W. MacDougald, Esquire

   Robert A. Destro, Esquire

   Respondent's Counsel

   Jeffrey B. Clark, Esquire

   Respondent
```

Page 1

Page 74

1  try to -- you know, whether you think the
2  circumstances meet 3.2, and submit a motion so that I
3  can, you know, give Mr. Fox an opportunity to respond
4  and act on.
5       I will tell you, in fairness, I will try
6  to act quickly.  You know, I recognize that if I'm
7  putting counsel under a time limitations.  I will try
8  to put myself -- you know, I can't always promise
9  where I'm going to be on Tuesday.  Nobody can.  But I
10 will try to act quickly on these, because I
11 understand about the timing, but I can't act on
12 something that's not been filed.
13      MR. MacDOUGALD:  That's completely fair,
14 and we will do as instructed.
15      MR. FOX:  May I make two observations?
16 One is, it is conceptually difficult for me to
17 conceive of a situation where the respondent has a
18 compelling need to take discovery from a witness
19 when they can't -- at this date, haven't even
20 identified the witness.
21      The second is to just call to everyone's
22 attention Rule 3.5, which says that discovery

Page 75

1  requests are not an excuse to delay the proceedings.
2       CHAIR HIRSH:  I agree.  I mean, I
3  understand those point.  I want to give Mr. Clark the
4  opportunity to try to get -- you know, to try to do
5  what he wants to do.  And if he wants to make an
6  argument you disagree with as to whether a particular
7  thing is needed, I will hear both sides.
8       And just as you can't respond to anything,
9  knowing it I can't decide in advance of knowing it
10 who's right.
11      So the other thing I might add ultimately
12 on the subpoena, and Mr. Fox perhaps you can confirm,
13 but my understanding is that a subpoena when it is
14 issued, includes 25 miles from D.C.  It's not just
15 limited to D.C.  I don't know whether all -- any of
16 these people are in the D.C. area, but that may
17 simplify your process.  It follows Superior Court
18 Rule 45.
19      MR. MacDOUGALD:  It helps with some
20 folks.  It doesn't help with others.  With others
21 we're going to have to get a subpoena issued in their
22 home jurisdiction.

Page 76

1       CHAIR HIRSH:  Okay.
2       Alright, now so far as documents are
3  concerned, Mr. Fox, have you now gotten from Mr.
4  Clark -- let me phrase it this way:  Do you anticipate
5  hiring something to try to get additional documents
6  from Mr. Clark?
7       MR. FOX:  Yes, and that was on my list of
8  things to raise.  We are going to take the court's
9  suggestion and serve a subpoena on Mr. Clark under
10 Rule 45, simply for documents.  It will pretty much
11 track the -- I'm not saying we won't tweak it here or
12 there -- but pretty much track the subpoena we served
13 earlier.  Essentially what we're asking for is any
14 documents that he has that support the position that
15 he took that there was evidence of -- I forget
16 whether he phrased it in terms of fraud or
17 irregularities -- in the Georgia election.  And I
18 wanted to inquire whether it was going to be
19 necessary to actually serve Mr. Clark with that
20 subpoena, or whether counsel, in light of your
21 admonitions earlier, would accept service.
22      Heretofore, counsel has been unwilling to

Page 77

1  accept service, and indeed requiring us to tender a
2  check when there is no anticipation that Mr. Clark
3  would actually have to appear and testify.
4       CHAIR HIRSH:  Okay, so you anticipate
5  you're going to serve him with a subpoena and there
6  might be a fight over it?
7       MR. FOX:  Right.  The first thing is I
8  would like to inquire through the Chair whether
9  counsel will accept the subpoena on behalf of Mr.
10 Clark.  If not, we will serve him promptly and we'll
11 get the subpoena out in a day or so.  Then if there's
12 a fight, there's a fight.
13      MR. MacDOUGALD:  We'll accept service.
14      CHAIR HIRSH:  You will?
15      MR. MacDOUGALD:  Yes.
16      CHAIR HIRSH:  Okay.  Well that solves
17 that part of the problem.  And we'll figure out if
18 there's a fight over the scope of the production,
19 I'll say the same thing to you.
20      MR. FOX:  Mr. Hirsh, could I --
21      CHAIR HIRSH:  Raise it quickly so that we
22 can get this thing resolved and so that it doesn't,