# EXHIBIT A-7

# S U B P O E N A

## BOARD ON PROFESSIONAL RESPONSIBILITY
## DISTRICT OF COLUMBIA COURT OF APPEALS

**NOTICE:  THIS SUBPOENA IS ISSUED IN CONNECTION WITH A CONFIDENTIAL INVESTIGATION UNDER THE RULES PROMULGATED BY THIS COURT GOVERNING THE BAR OF THE DISTRICT OF COLUMBIA.**

**BREACH OF THE CONFIDENTIALITY OF THE INVESTIGATION WILL BE DEEMED AS CONTEMPT OF THIS COURT OR GROUNDS FOR DISCIPLINE UNDER THE AFOREMENTIONED RULES OF THIS COURT.**
*(Consultation with an attorney does not constitute such a breach.)*

*In the Matter of:*

Clark/Disciplinary Counsel                                       DISCIPLINARY DOCKET NO.   2021-D193

TO: Jeffrey B. Clark, Esquire, 8850 Western Hemlock Way, Lorton, VA 22079

YOU ARE HEREBY COMMANDED TO APPEAR at 515 5th Street, N.W., Building A, Room 117, Washington, D.C., 20001, at 9:30 o'clock a.m., on the 21st day of October 2022, as a witness in the above captioned matter.  You are directed to bring with you Please see attachment to subpoena for description of documents requested.

and not depart the above premises without leave from the authority before whom you appeared.

FAILURE OF ANY PERSON WITHOUT ADEQUATE EXCUSE TO OBEY THIS SUBPOENA AS SERVED MAY BE DEEMED CONTEMPT OF THE DISTRICT OF COLUMBIA COURT OF APPEALS RULES GOVERNING THE BAR.

☑ Production & delivery of these documents  will eliminate the need for a personal appearance.

Date Subpoena issued: 10/06/2022

☑ If you have any questions regarding this subpoena, please call 202-638-1501.

Hamilton P. Fox, III, Disciplinary Counsel                    *Hamilton P. Fox, III*

| RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE: | |
|---|---|
| ☐ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below. | |
| Name and Title of Individual Served | Address (If different than shown above) |
| ☐ I hereby certify that, after diligent investigation, I am unable to locate the individual, company, corporation, etc., named in above subpoena for the reason(s) as shown in "REMARKS." | |
| Date(s) of Endeavor | Date and Time of Service |
| REMARKS | Signature and Title of Server |

## Super. Ct. Civ. R. 45(c) and (d)

(c)  PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1)  *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2)  *Command to Produce Materials or Permit Inspection.*

(A)  *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for deposition, hearing, or trial.

(B)  *Objections.* A person commanded to produce documents, electronically stored information, or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If objection is made, the following rules apply:

(i)  At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.

(ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)  *Quashing or Modifying a Subpoena.*

(A)  *When Required.* On timely motion, the court must quash or modify a subpoena that:

(i)  fails to allow reasonable time to comply;

(ii)  requires a person who is neither a party nor a party's officer to travel more than 25 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place to the place of trial;

(iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)  subjects a person to undue burden.

(v)  *When Permitted.* To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires: disclosing a trade secret or other confidential research, development, or commercial information;

(vi)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(vii)  a person who is neither a party nor a party's officer to incur substantial expense to travel more than 25 miles to attend trial.

(B)  *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii)  ensures that the subpoenaed person will be reasonably compensated.

(d)  DUTIES IN RESPONDING TO A SUBPOENA.

(1)  *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A)  *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B)  *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C)  *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D)  *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)  *Claiming Privilege or Protection.*

(A)  *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation materials must:

(i)  expressly make the claim; and

(ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)  *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

# ATTACHMENT TO SUBPOENA

**Clark/Disciplinary Counsel**
**Disciplinary Docket No. 2021-D193**

**Date of Subpoena:  October 6, 2022**
**Due date of Subpoena:  October 21, 2022**

Produce all documents and records (stored in hard copy or electronically), of which you were aware before January 4, 2021, that contain evidence of irregularities in the 2020 presidential election and that may have affected the outcome in Georgia or any other state.  The terms "documents" and "records" should be interpreted broadly to include all recorded materials, whether written or electronic, including statements or declarations of witnesses.  Produce all documents and records containing information of election fraud or election irregularities that came to your attention following the announcement of Attorney General Barr on December 1, 2020, that the Department had found no evidence of fraud on a scale that could have affected the results of the presidential election.  Err on the side of disclosure; should you subsequently rely on any document that you have not produced, your failure to produce it may be construed against you.

Produce any file or collection of materials or correspondence, written or electronic, relating to any efforts that you made between the November 3, 2020, presidential election and January 4, 2021, that relate in any way to any efforts you made to persuade officials of the United States Department of Justice to intervene in the certification by any state, specifically including Georgia, of the results of that election.  These materials should include any notes that you took or notes of others that you maintained of meetings or telephone calls relating to this subject.  Again, you should err on the side of inclusion.

Produce any documents showing the results of any legal research that you conducted, had conducted, or received before January 4, 2021, that relate to the authority of the United States

Attachment to Subpoena continues
Clark/Disciplinary Counsel
Page 2

Department of Justice to intervene in the certification by any state of the results of a presidential election, including the circumstances under which the Department is authorized to intervene, the quantum of proof necessary for such an intervention, the officials within the Department whose responsibility it is to initiate such an intervention, and the form that such intervention should take. This information should include any research that addresses the responsibility of the Assistant Attorney General of the Civil Division or the Assistant Attorney General of the Environmental and Natural Resources Division to investigate allegations of election fraud.

Produce all written policies and guidelines of the Department of Justice, of which you were aware and that were in effect between November 3, 2020, and January 4, 2021, relating to the circumstances in which lawyers at the Department of Justice were permitted to be in direct contact with officials of the White House or the Executive Office of the President

Produce any documents supporting the contention that you were Acting Attorney General on January 3, 2021.

**DISCIPLINARY COUNSEL WILL ACCEPT DELIVERY OF RESPONSIVE DOCUMENTS TO OUR OFFICE WITHOUT THE NEED FOR A PERSONAL APPEARANCE. PLEASE CONTACT OUR OFFICE TO ARRANGE FOR ELECTRONIC TRANSMISSION OF ALL FILES.**