IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF<br><br>JEFFREY B. CLARK,<br><br>Respondent.<br><br>A Member of the Bar of the<br>District of Columbia Court of Appeals<br>(Bar Registration No. 455315)<br><br>D.C. Board on Professional Responsibility<br>Board Docket Nos. 22-BG-059; 22-BD-03<br>Disciplinary Docket No. 2021-D193 | Case No. 1:22-mc-00117-RC<br>(Related Case No. 1:22-mc-00096-RC)<br><br>Judge Rudolph Contreras<br><br>On removal from the D.C. Court of Appeals |

## DISCIPLINARY COUNSEL'S MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447(c), Disciplinary Counsel moves to remand this case to the District of Columbia Court of Appeals. As set forth in the Memorandum of Points and Authorities accompanying this motion, this Court lacks subject matter jurisdiction because the Congress has determined that the States and the District of Columbia should exercise disciplinary authority over Government lawyers.

Respectfully submitted,

/s/ *Hamilton P. Fox, III*
Hamilton P. Fox, III
Disciplinary Counsel
Bar Number 113050

OFFICE OF DISCIPLINARY COUNSEL
515 Fifth Street, N.W.
Building A, Room 117
Washington, D.C. 20001
(202) 638-1501

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on 29th day of November 2022, I caused this motion to be filed through the court's electronic filing system, which automatically sends copies to Mr. Clark's counsel and that I further caused electronic service to be made by email to Mr. Clark's counsel and to James T. Phalen, Esquire, Executive Attorney for the Board on Professional Responsibility.

/s *Hamilton P. Fox, III*
Hamilton P. Fox, III
Disciplinary Counsel
Bar Number 113050

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF<br><br>JEFFREY B. CLARK,<br><br>　　　　Respondent.<br><br>A Member of the Bar of the<br>District of Columbia Court of Appeals<br>(Bar Registration No. 455315)<br><br>D.C. Board on Professional Responsibility<br>Board Docket Nos. 22-BG-059; 22-BD-03<br>Disciplinary Docket No. 2021-D193 | Case No. 1:22-mc-00117-RC<br>(Related Case No. 1:22-mc-00096-RC)<br><br>Judge Rudolph Contreras<br><br>On removal from the D.C. Court of Appeals |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISCIPLINARY COUNSEL'S MOTION TO REMAND**

In his Second Notice of Removal, Respondent purports to remove a subpoena enforcement action pending before the District of Columbia Court of Appeals, which is an ancillary proceeding to the attorney discipline matter he has already purported to remove in Case No. 1:22-mc-00096-RC. Pursuant to 28 U.S.C. § 1447(c), Disciplinary Counsel moved to remand that disciplinary matter and now moves to remand the subpoena enforcement matter as well. This Court lacks subject matter jurisdiction because the Congress has determined that the States and the District of Columbia should exercise disciplinary authority over Government lawyers. The Second Notice of Removal lacks merit like the first, and it is merely another tactic to delay the District of Columbia proceedings. Disciplinary Counsel relies upon the arguments made in its first Motion to Remand, filed on October 21, 2022, as well as its Reply to Respondent's Opposition to the Motion to

1

Remand, filed November 8, 2022. S*ee* Case No. 1:22-mc-00096-RC, ECF. Nos. 5 and 14.  We briefly touches on several key points:

    1.    In both his first and second Notices, Respondent claims that the District of Columbia lacks subject matter jurisdiction to discipline him for violations of the D.C. Rules of Professional Conduct committed while serving as a high-ranking official inside the Department of Justice.  However, Respondent is clearly subject to the disciplinary jurisdiction of the D.C. Court of Appeals and its Board on Professional Responsibility because he is a member of the D.C. Bar. D.C. Bar R. XI, § 1(a) ("All members of the District of Columbia Bar … are subject to the disciplinary jurisdiction of this court and its Board on Professional Responsibility …."); *see also In re O'Neill*, 276 A.3d 492, 499 (D.C. 2022) (members of the Bar are granted the privilege to practice through a "consensual covenant" with the Court "to be bound by Bar Rules and Rules of Professional Conduct … and to be subject to [its] disciplinary authority.").  As we pointed out in our earlier pleadings, two Presidents of the United States have been disciplined for conduct that occurred while they were in office by the States where they were admitted to practice.  There is no higher ranking federal official than the President.

    2.    Both Congress and the Attorney General have made explicit that attorneys for the federal government are subject to the disciplinary rules of the states and local federal courts in which they practice. 28 U.S.C. § 530B; 28 C.F.R. 77.3.  Respondent advances a strained argument that he and other attorneys practicing within the Department of Justice are not subject to discipline by the D.C. Court of Appeals because Congress did not define "State" as including the District of Columbia when it enacted 28 U.S.C. § 530B, thereby completing preempting the D.C. Court of Appeals from regulating Justice Department lawyers.  Respondent ignores that the plain language of § 530B does not exclude D.C. Bar members from their ethical obligations or exempt them from

discipline, and that the Attorney General, pursuant to his delegated rule-making authority, 28 U.S.C. § 530B(b), has determined that the District of Columbia is included within the meaning of "State." 28 C.F.R. § 77.2(i). Respondent advances no plausible rationale as to why Congress would reaffirm the broad ethical responsibilities that Department lawyers have under various state Rules of Professional Conduct while excluding those of the District of Columbia.

3.  Respondent also argues that the D.C. Court of Appeals lacks jurisdiction over his conduct because his disciplinary matter would not apply the Rules of Professional Conduct "to the same extent and in the same manner" as they have been applied to other attorneys. 28 U.S.C. § 530B(a). Respondent misstates and contorts the nature of the charges levied against him in support of this argument, alleging that Disciplinary Counsel is attempting to use this prosecution as a means of intruding upon and policing the internal deliberations of the Executive Branch. The charges in this matter do not question or challenge the internal deliberations of the Executive Branch. They challenge only Respondent's insistence that the Department of Justice issue a letter containing false statements, after he had been told the statements were false, and his attempt to use coercion to bring about that result. Disciplinary Counsel is carrying out its mandate to enforce the D.C. Rules of Professional Conduct against an individual member of the D.C. Bar for his attempt to engage in conduct involving dishonesty and his attempt to engage in conduct that would seriously interfere with the administration of justice. That there may be no prior cases involving similar facts is of no import. There are many cases where discipline has been imposed for similar conduct, *i.e.*, engaging in conduct involving dishonesty or conduct that seriously interferes with the administration of justice.

4.  Respondent purports to remove this matter pursuant to 28 U.S.C. §§ 1331, 1441, and 1442 – statutes relating to federal question, as well as civil actions or criminal prosecutions in

state court against an officer of the United States. Respondent raises a host of defenses to the charges and the subpoena that sound in federal constitutional law, while also arguing that the case is removable because he was acting as an officer of the United States when he committed the alleged misconduct. However, attorney discipline cases are matters of state law, and merely asserting a defense that injects a federal question into a case does not transform what is plainly a state law claim into an action arising under federal law for purposes of removal jurisdiction. *See Caterpillar v. Williams*, 482 U.S. 386, 399 (1987).

5.  Assuming *arguendo* that this matter is subject to removal under § 1442, which is the only possible basis for removal, Respondent contends that disciplinary proceedings are "quasi-criminal" in nature, relying on language in *In re Artis*, 883 A.2d 85 (D.C. 2005), which describes the discovery rules of the disciplinary system. By taking this position, he can argue that both 28 U.S.C. §§ 1446 and 1455 apply in terms of the timing of removal and the effect on the state court proceedings, and he can choose the procedures of those two statutes that suit him and ignore those that do not. Respondent suggests that the only way to "harmonize" the civil and criminal removal statutes in this context is to preclude the D.C Court of Appeals and its Board on Professional Responsibility from proceeding further on any matter unless remand occurs. This argument reveals the petard on which Respondent has hoisted himself. If the disciplinary proceeding against him is civil in nature, as Disciplinary Counsel argued in its first Motion to Remand, then removal was untimely, and the proceeding should be remanded and allowed to move forward. Under 28 U.S.C. § 1446(b)(1), notice of removal of a civil action must be filed within 30 days of when the "defendant" is served with a copy of the initial pleading upon which the proceeding is based. Respondent admits to having been served with the disciplinary charges on July 27, 2022. S*ee* Case No. 1:22-mc-00096-RC, ECF. No. 1 at para. 9. His first Notice of Removal was filed on October

17, 2022—well outside the 30-day period.  If the disciplinary proceeding against him is criminal in nature, then it can proceed despite removal, up to a "judgment of conviction" being entered, unless the district court determines after an evidentiary hearing "that removal shall be permitted[.]" 28 U.S.C. § 1455(b).  Under the D.C. Rules, the Hearing Committee before which the case is pending has no authority to issue anything analogous to a judgment of conviction; all it may do is issue a report and a recommendation to the Board on Professional Responsibility.  *See* D.C. Bar Rule XI, § 9(a).  This Court having not determined that removal shall be permitted, and there being no possibility of anything analogous to a judgment of conviction, the Hearing Committee proceedings should go forward, assuming that the procedures for removal of criminal matters apply.  In either case, Respondent cannot achieve the goal he seeks – delay of the evidentiary hearing set for January 9, 2023.  Furthermore, in either case only the ancillary subpoena enforcement issue may be removed under 28 U.S.C. § 1446(g) – again, assuming that removal is proper in the first instance under § 1442.

6. Disciplinary Counsel emphasizes that the above discussion is entirely hypothetical, based on the assumption that this matter is subject to § 1442 removal.  In reality, disciplinary matters relating to federal lawyers fall within the jurisdiction of the state courts where those lawyers are admitted and practice.  Congress enacted 28 U.S.C. § 530B long after it wrote the removal statutes, clarifying that disciplinary matters are an exception to removal and should be left to the states and their courts, such as the D.C. Court of Appeals.  Neither the disciplinary proceeding nor the subpoena enforcement proceeding should have been removed.

## CONCLUSION

Disciplinary Counsel requests that the Court remand this matter to the D.C. Court of Appeals.

Respectfully submitted,

/s *Hamilton P. Fox, III*
Hamilton P. Fox, III
Disciplinary Counsel
Bar Number 113050

OFFICE OF DISCIPLINARY COUNSEL
515 Fifth Street, N.W.
Building A, Room 117
Washington, D.C. 20001
(202) 638-1501

## CERTIFICATE OF SERVICE

I hereby certify that on 29th day of November 2022, I caused this motion to be filed through the court's electronic filing system, which automatically sends copies to Mr. Clark's counsel and that I further caused electronic service to be made by email to Mr. Clark's counsel and to James T. Phalen, Esquire, Executive Attorney for the Board on Professional Responsibility.

/s *Hamilton P. Fox, III*
Hamilton P. Fox, III
Disciplinary Counsel
Bar Number 113050

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| | : | |
| JEFFREY B. CLARK, | : | Case No. 1:22-mc-00117 |
| | : | (Related Case No. 1:22-mc-00096-RC) |
| Respondent. | : | |
| | : | |
| A Member of the Bar of the | : | |
| District of Columbia Court of Appeals | : | On removal from the D.C. Court of |
| (Bar Registration No. 455315) | : | Appeals |
| | : | |
| D.C. Board on Professional Responsibility | : | |
| Board Docket Nos. 22-BG-059; 22-BD-03 | : | |
| Disciplinary Docket No. 2021-D193 | : | |

### [PROPOSED] ORDER

Upon consideration of Disciplinary Counsel's Motion to Remand, any opposition filed thereto, and the record in this matter, it is ORDERED that this case is remanded to the District of Columbia Court of Appeals.

_____
Rudolph Contreras
Judge, U.S. District Court

7