IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF | : |
| | : |
| JEFFREY B. CLARK, Esquire | : Case No. 1:22-mc-00117-RC |
| | : |
| Respondent. | : Judge Contreras |
| | : |
| A Member of the Bar of the | : |
| District of Columbia Court of Appeals | : On removal from the D.C. Court of |
| (Bar Registration No. 455315) | : Appeals' Board on Professional |
| | : Responsibility and Committee |
| D.C. Board on Professional Responsibility | : Hearing Committee No. 12 |
| Board Docket Nos. 22-BG-059; 22-BD-03 | : |
| Disciplinary Docket No. 2021-D193 | : |
| | : |

**DISCIPLINARY COUNSEL'S REPLY TO RESPONDENT'S
OPPOSITION TO SECOND MOTION TO REMAND
AND CROSS MOTION TO CONSOLODATE**

Disciplinary Counsel replies to Respondent's Opposition as follows:

Disciplinary Counsel has no objection to consolidating Case No. 1:22-mc-00117-RC and Case No. 1:22-mc-00096-RC.

With respect to the issue of removal of these disciplinary proceedings and the related motion to enforce a subpoena, Respondent's position blinks reality and is entirely impractical. Since 1998, it has been federal law that attorneys for the government, specifically including the Assistant Attorneys General for the Civil Division and the Environmental and Natural Resources Division, are subject to the state rules of professional conduct in the State where the attorney engages in his duties, just like any other attorney admitted to practice in that State.  28 U.S.C. § 530B(a) & (c) (adopting the definition of "attorney for the Government" set forth in 28 CFR § 77.2).  The removal statute, 28 U.S.C.§1442, which applies to civil or criminal actions brought

against federal employees simply does not apply to disciplinary proceedings. If it did, § 530B would be a nullity; in every case where a state asserted its delegated authority to discipline a government lawyer, the lawyer could remove it to federal court and then attempt to have it dismissed under the doctrine of derivative jurisdiction or some other Rule 12(b)(6) ground. It is telling that the only removal case Respondent can cite involving a disciplinary proceeding against a government lawyer was written almost ten years before the enactment of § 530B. *Kolibash v. Comm. on Legal Ethics of the W. Virginia Bar,* 872 F.2d 571 (4th Cir. 1989). The significance of all the cases brought in state courts both in the District of Columbia and elsewhere—including two cases against Presidents—is not that they confer "drive-by" jurisdiction, but that no one even contested the obvious jurisdiction of the state courts.

Respondent strongly disagrees with our position that disciplinary proceedings are neither civil causes of action nor criminal prosecutions but then struggles mightily with the fact that the procedures for removal of civil and criminal cases simply don't work for disciplinary proceedings. This is why he spends four pages arguing for the "harmonizing" of the procedural provisions of the removal states. Respondent misses the obvious reason that the procedures don't fit: they are not meant to apply to disciplinary proceedings which are delegated to the states and not subject to removal. Hence, the irrelevancy of recent amendments to the removal statute; these amendments related only to civil or criminal cases, not disciplinary matters. Unlike civil or criminal cases where the concern is that "a Federal officer . . . shall not be forced to answer for conduct assertedly within his duties in any but a Federal forum," (*North Carolina v. Carr*, 386 F.2d 129, 131 (4th Cir. 1997), § 530B explicitly provides that a federal lawyer shall be forced to answer for his or her disciplinary violations in the appropriate state forum.

As a practical matter, this makes eminent sense. Federal courts are not well equipped to handle disciplinary matters. What procedures would apply, for example? Would the Court apply the procedures it has adopted for the occasional original disciplinary matter considered by a disciplinary panel, pursuant to LCvR 83.13? In earlier pleadings, Respondent seemed to suggest that the normal rules of Civil Procedure would apply, but such rules do not apply in the local disciplinary system. Is there a right to a jury trial? Are the Federal Rules of Evidence applicable? What is the right to appeal? Are the sanctions the same? What is the subpoena authority and how far does it extend geographically? If a respondent is disbarred or suspended with a requirement of proof of fitness before being readmitted, is reinstatement also a federal matter? Just like the procedural rules governing removal don't fit disciplinary proceedings, the Federal Rules of Civil Procedure are also not a match. All of which is further evidence of why disciplinary proceedings are best left with the "States," as § 530B intends.

That leaves only the issue of whether Congress intended the District of Columbia to be included as a "State" for purposes of § 530B. Respondent's argument is that unless a federal statute specifically says that "State" includes the District of Columbia, the District is excluded. But no case holds that. Rather, the District is included within the meaning of "State" unless there is some peculiar reason why it should not be:

> Whether the District of Columbia constitutes a "State or Territory" within the meaning of any particular statutory or constitutional provision depends upon the character and aim of the specific provision involved. Indeed, such "words generally have different shades of meaning, and are to be construed if reasonably possible to effectuate the intent of the lawmakers; and this meaning in particular instances is to be arrived at, not only by a consideration of the words themselves, but by considering, as well, the context, the purposes of the law, and the circumstances under which the words were employed.

*D. C. v. Carter*, 409 U.S. 418, 420 (1973) (citations omitted). Thus, in *Carter*, the identical language that led the Supreme Court to conclude that the District was not a "state" within the

meaning of 42 U.S.C. § 1983 also led to the conclusion that it was a "state" for purposes of 42 U.S.C. § 1982. The same language brought forth different results in light of the context and the purpose of the law.

Respondent's argument that Congress did not intend the District to be a "State" within the meaning of § 550B fails the *Carter* test on every score. The legislative history referred to the District as included within the meaning of "State." 144 Cong. Rec. S12741-04, S12799, 1998 WL 734046. Respondent can point to nothing that says the Congress did **not** intend to include the District as a "State." It is inconceivable that if Congress intended to subject government lawyers to the discipline of the relevant State bars it would have excluded the bar that is the most important. The District of Columbia is the jurisdiction where more government attorneys engage in their duties—the threshold for applying State ethics rules under § 530B. Certainly, if Congress intended such an anomalous result, it would have said why. After being challenged by Disciplinary Counsel in numerous pleadings to offer a rational as to why Congress would have excluded the District of Columbia from § 530B, Respondent has finally ventured three "self-evident rationales." Opposition at 4, n.2. Far from being self-evident, these rationales are completely invented by Respondent. At no place in the legislative history did anyone allude to these figments of Respondent's imagination.

Section 530B(b) provided that the Attorney General was to make rules of the Department of Justice to assure compliance the statute. And the Attorney General did, interpreting the statute to subject Department of Justice lawyers to the D.C. Rules of Professional when practicing in this jurisdiction. That interpretation is entitled to *Chevron* deference unless there is not even an ambiguity in the statute. C*hevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 843-44 (1984). In the

absence of any statement by Congress as to why it would seek to exempt from § 530B government lawyers who practice in the District, the Attorney General's reasonable interpretation must control.

Finally, Respondent's argument that he is exempt from discipline because there is no fact pattern of misconduct by other lawyers in the District of Columbia that matches his misconduct would mean that no government lawyer could be prosecuted for a disciplinary violation unless his misconduct fit precisely within the pattern of misconduct of a "civilian" lawyer who had already been disciplined.  That is not what § 530B says.  If it did, the D.C. Court of Appeals could never enforce its Rule 3.8, Special Responsibilities of a Prosecutor, because no non-prosecutor can violate the Rule and because in the District of Columbia, the prosecutors are federal lawyers. Clearly, the phrase "to the same extent and in the same manner as other attorneys in that State," means that the rules that apply to other D.C. lawyers also apply equally to government lawyers practicing in the District.

For these reasons, this Court should remand these matters to the District of Columbia.

                                                          Respectfully submitted,

                                                    /s/
                                              Hamilton P. Fox, III
                                              Disciplinary Counsel
                                              Bar Number 113050

                                              OFFICE OF DISCIPLINARY COUNSEL
                                              515 Fifth Street, N.W.
                                              Building A, Room 117
                                              Washington, D.C. 20001
                                              (202) 638-1501

## **CERTIFICATE OF SERVICE**

  I hereby certify that on 14th day of December 2022, I caused this motion to be filed through the court's electronic filing system, which automatically sends copies to Mr. Clark's counsel and that I further caused electronic service to be made by email to Mr. Clark's counsel and to James T. Phalen, Esquire, Executive Attorney for the Board on Professional Responsibility.

           /s/_____
           Hamilton P. Fox, III
           Disciplinary Counsel
           Bar Number 113050