Exh. 1

# CALDWELL, CARLSON,
# ELLIOTT & DeLOACH, LLP

HARRY W. MACDOUGALD
MANAGING PARTNER

ATTORNEYS AT LAW
TWO RAVINIA DRIVE
SUITE 1600
ATLANTA, GEORGIA 30346

hmacdougald@CCEDlaw.com
www.CCEDlaw.com

TELEPHONE 404-843-1956
FACSIMILE 404-843-2737

December 12, 2022

Phil Fox, Esq.
Disciplinary Counsel
District of Columbia Bar
Building A, Room 117
515 5th St., N.W.
Washington, D.C. 20001

**VIA EMAIL**

**In re Jeffrey B. Clark, D.C. Bar Disciplinary Docket No. 2021-D193**

Dear Mr. Fox:

***General Reservation of Rights and Response Under Protest.*** We are sending you our witness and exhibit lists under protests, only to avoid you making a claim at some point in the future that failure to provide this information would work some kind of default. Nothing in this letter to you should be taken as conceding that the Hearing Committee, the Board of Professional Responsibility, or the District of Columbia Court of Appeals possesses subject matter jurisdiction over this case.

***Construe as Equivalent to a Special Appearance.*** This letter to you should instead be construed as in the nature of a special appearance. By sending you this material, we concede nothing.

CALDWELL, CARLSON,
ELLIOTT & DeLOACH, LLP

Phil Fox, Esq.
December 12, 2022
Page 2

*Jurisdictional Objections/Prudence in Awaiting the U.S. District Court, Etc.
Court Rulings.* We amplify our jurisdictional points as follows:

(1) For the reasons we have amply explained to you, to the Hearing
Committee, and to the Board, we do not believe that jurisdiction exists in
the local D.C. bar disciplinary process over Mr. Clark under 28 U.S.C.
530B. We will not belabor that point further.

(2) If we are correct that the best harmonization of 28 U.S.C. 1455 and 1446
makes Section 1446(d) operative to govern the ability of the local process
to act after the removal, this local process is barred by superior federal law
and cannot proceed.

(3) Even if we were incorrect and the local process could proceed, prior to the
time the U.S. District Court rules on your remand motions, it is imprudent
to proceed because your position concerning the applicability of Section
1455(b)(3) is not one you can assume has a 100% chance of succeeding.
This is particularly true because you switched theories to even rely on
Section 1455(b)(3). Since your original position in the first remand motion
was that this case is neither civil nor criminal, with the latter point
equating to a representation that Section 1455 does not at all apply here.

(4) For these reasons, at the very least it is prudent to await the ruling of the
U.S. District Court on the removal jurisdiction disputes. You should not
presume that you will win that dispute.

(5) It is further improper for you to presume such an outcome because
Respondent is entitled to an appeal as of right if this case were to be
remanded to the local D.C. process. *See* 28 U.S.C. 1447(d). Hence, you are
improperly assuming not only that you will win the disputes about
removal jurisdiction and removal procedure not only at the district court
level, but at the D.C. Circuit, and U.S. Supreme Court levels. It is highly
presumptuous of you to take that compound position.

CALDWELL, CARLSON,
ELLIOTT & DeLOACH, LLP

Phil Fox, Esq.
December 12, 2022
Page 3

***Parity and Fairness vs. Your Reservation of Rights.***  You are reserving your
rights to add additional witnesses and documents once you can review what is
expected to be a torrent of materials from the House Select Committee on
January 6. Several points in that regard. *First*, this underscores our position that
the Hearing Committee and Board should have granted deferral in this matter.
Even ODC has now made clear that this material could include relevant material
you wish to digest. The current expected date for the final report (and possibly
the release of all deposition transcripts) is December 21, 2022 based on news
reports. That leaves only 12 days (two of which are Christmas Day and New
Year's Day) to digest what is expected to be a lengthy report and around 1,000
witness depositions. This is an unrealistic and herculean feat and we ask you to
let us know if you will be reasonable and join us in a renewed motion to the
Board and Hearing Committee to grant deferral for at least two additional
months.

***Expert Reports.***  You did not comply with the December 5, 2022 expert report
deadline. This raises an inference on our part, given that you put in an expert
witness against Mayor and former Associate Attorney General and U.S. Attorney
Rudolph Giuliani, that you sent us your exhibit list and witness list only once
you saw our opposition in the D.D.C. to your second remand motion. This alone
would give you unclean hands to insist in future on some sort of waiver as to
how we have proceeded as to witness and exhibit lists. Additionally, and even
more importantly, before we see the House Select Committee report and
deposition data release, we cannot make a decision about all of the experts we
may need.

***Meet and Confer.*** Consistent with point in the prior paragraph that you may not
have been intending to share witness and exhibit lists with us today *before* you
saw our opposition to the second remand motion in the D.D.C., you also did not
approach us on or before December 7, 202 to discuss motions *in limine*. We

CALDWELL, CARLSON,
ELLIOTT & DeLOACH, LLP

Phil Fox, Esq.
December 12, 2022
Page 4

concluded from that that you recognized that all of the procedural orders and
deadlines set by the Hearing Committee Chair were overtaken and set aside by
the act of removal. You cannot act to surprise us in this fashion. Indeed, had we
not called you after you sent your witness and exhibit lists, we would have had
no fair warning of your position concerning the Hearing Committee deadlines
that had been sent continuing to apply, even post removal.

***Federal Procedural Rules Control Over the DCCA, Board, and Hearing
Committee Processes.*** In federal court, once removal occurs, the procedural rules
that you are used to applying in your local forum can no longer govern. This is a
basic feature of federal civil procedure of which you should be aware. *See, e.g.,
Hanna v. Plumer*, 380 U.S. 460 (1965).

***Lack of Information as to Your Contacts with the Hearing Committee and/or the
Board.*** As we have noted, we are surprised in the position that you took today in
your telephone call with Mr. Burnham. This causes us to ask, is the Hearing
Committee Chair aware that you are proceeding as if you can conduct a hearing
on January 9, 2023, even if the U.S. District Court has not ruled on the removal
disputes before that time? Is the Board aware of your position? Please let us
know what the answers are to these questions as soon as possible and when you
notified the Hearing Committee Chair and the Board of your intentions to
proceed on January 9, 2023.

Sincerely,

Caldwell, Carlson, Elliott & DeLoach, LLP

Harry W. MacDougald

cc      Jeffrey Bossert Clark
        Robert Destro
        Charles Burnham

**Exh. 2**

Subject: Response to Letter of December 12, 2022
From: Phil Fox - To: hmacdougald@ccedlaw.com, Charles Burnham, robert.destro@protonmail.com - Cc: Jason Horrell, Azadeh
Matinpour, Angela Thornton - Date: December 19, 2022 at 7:33 PM

Your letter of December 12 asked several questions to which I am responding:

1. We will not agree to defer the hearing for two additional months.  While the January 6 Committee report may result in the release of additional information, most of it has nothing to do with the disciplinary charges against Mr. Clark.  Most of the footnotes to the Introductory material released today are to the interviews of Mr. Rosen and Mr. Donoghue, and you have their interviews/testimony before the Judiciary Committee and are quite familiar with what their testimony will be.  There are a few references to the deposition of Mr. Klukowski, which I do not have, but Mr. Klukowski should be available to you.  If his deposition is publicly available, it should not take you long to read it.  The other references are to documents that I believe you possess and the public testimony before the Committee, which has been available to you for some time. (As of this date, I have not obtained any documents or other materials from the January 6 Committee, although I expect to ask for some.)

2. We did not approach you about motions in limine because we are proposing none.  There is also an approaching deadline for stipulations.  We are not proposing any, although if there are any that you propose and wish to discuss, we are available to do so.  It has been my experience that hearing committees are always willing to permit stipulations even if they are not agreed to by the deadline and even during the hearing itself.

3. We have had no contact with the Hearing Committee chair about this case outside of the hearings in which you were in attendance. We, of course, served our witness list on the Board office, which presumably supplied a copy to the chair, so he should be aware that we are proceeding with the schedule that he set.

Finally, I intend to subpoena the 331 files largely consisting of auto-save drafts of the outline of Mr. Clark's autobiography.  Will you accept the subpoena for your client.  If not, please let me know a convenient time and place to serve him this week. The existence of these materials has just come to my attention.

# Exh. 3

Subject: RE: In re Jeffrey B. Clark, Esq., Disciplinary Docket No. 2021-D193

From: BPR Case Managers - To: Angela Thornton, BPR Case Managers, hmacdougald@ccedlaw.com, Charles Burnham,
robert.destro@protonmail.com - Cc: Phil Fox, Jason Horrell, Azadeh Matinpour - Date: December 19, 2022 at 3:20 PM,

Your objections have been received and are lodged in Board Docket No. 22-BD-039, which has been removed to the U.S. District Court for the District of Columbia. Attached please find a stamped copy.

**Due to the Covid-19 pandemic, the Office of the Executive Attorney is <span style="color:red">closed</span>.  Please see Administrative Orders <u>2020-1</u>, <u>2020-6</u> and <u>2020-7</u> regarding Board hearings, filings, and operating status.**

**If your documents are too large to file via email, please use this link: <u>Send This</u>**

Meghan Borrazas
Case Manager
Board on Professional Responsibility
430 E Street, N.W.
Suite 138
Washington, D.C.  20001
Main: 202-638-4290

**From:** Angela Thornton <thorntona@dcodc.org>
**Sent:** Monday, December 19, 2022 3:14 PM
**To:** BPR Case Managers <CaseManager@dcbpr.org>; Harry MacDougald <hmacdougald@ccedlaw.com>; Charles Burnham <charles@burnhamgorokhov.com>; robert.destro@protonmail.com
**Cc:** Phil Fox <FoxP@dcodc.org>; Jason Horrell <horrellj@dcodc.org>; Azadeh Matinpour <matinpoura@dcodc.org>
**Subject:** In re Jeffrey B. Clark, Esq., Disciplinary Docket No. 2021-D193

Dear Case Managers, please accept the attached Disciplinary Counsel's Objections to Respondent's Proposed Exhibits and Witnesses.  Thank you.

Regards,
Angela

Angela C Thornton
Office of Disciplinary Counsel
515 5th Street, N.W.
Bldg. A;  Suite 117
Washington, D.C.  20001
Phone:  202-638-1501
Fax:  202-638-0862

Exh. 4

**Subject: RE: [EXT]In re Jeffrey Clark**

From: BPR Case Managers - To: Charles Burnham, BPR Case Managers, Jason Horrell, hmacdougald@ccedlaw.com, Robert Destro, Phil Fox - Cc:  - Date: December 13, 2022 at 10:42 AM

The following file(s) can be downloaded via SendThisFile:

- 2022-12-13 Respondent's Exhibit List and Exhibits (Clark).pdf
- 2022-12-13 R-23 FULTON COUNTY PA STUDY (Clark).pdf
- 2022-12-13 Respondent's Witness List (Clark).pdf

Download Link: https://www.sendthisfile.com/dPBe4N5tDbnpI4NvrPE7b7My

Your exhibit list, exhibits and witness list have been received and are lodged in Board Docket No. 22-BD-039, which has been removed to the U.S. District Court for the District of Columbia. Attached please find stamped copies.

**Due to the Covid-19 pandemic, the Office of the Executive Attorney is <span style="color:red">closed</span>.  Please see Administrative Orders 2020-1, 2020-6 and 2020-7 regarding Board hearings, filings, and operating status.**

**If your documents are too large to file via email, please use this link: Send This**

Meghan Borrazas
Case Manager
Board on Professional Responsibility
430 E Street, N.W.
Suite 138
Washington, D.C.  20001
Main: 202-638-4290

**From:** Charles Burnham <charles@burnhamgorokhov.com>
**Sent:** Monday, December 12, 2022 11:49 PM
**To:** BPR Case Managers <CaseManager@dcbpr.org>; Jason Horrell <horrellj@dcodc.org>; Harry MacDougald <hmacdougald@ccedlaw.com>; Robert Destro <Robert.Destro@protonmail.com>; Phil Fox <FoxP@dcodc.org>
**Subject:** [EXT]In re Jeffrey Clark

Dear Case Managers and Counsel,

Please accept the attached exhibit and witness lists for respondent.

The exhibits themselves are accessible at this link:

https://cwlawfirm-my.sharepoint.com/:b:/g/personal/hmacdougald_ccedlaw_com/EZoNmUJqklVIsshuUpSW3bUB6aG2pfIye0fRpGRfBG( e=OjL8GR
--
Charles Burnham
Burnham & Gorokhov PLLC
1424 K St. NW
Washington, DC 20005
phone 202-386-6920
fax 202-765-2173
www.burnhamgorokhov.com
https://www.facebook.com/BurnhamGorokhov