IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF<br><br>JEFFREY B. CLARK, Esquire<br><br>Respondent.<br><br>A Member of the Bar of the<br>District of Columbia Court of Appeals<br>(Bar Registration No. 455315)<br><br>D.C. Board on Professional Responsibility<br>Board Docket Nos. 22-BG-059; 22-BD-03<br>Disciplinary Docket No. 2021-D193 | Case No. 1:22-mc-00117-RC<br><br>Judge Contreras<br><br>On removal from the D.C. Court of<br>Appeals' Board on Professional<br>Responsibility and Committee<br>Hearing Committee No. 12 |

# **DISCIPLINARY COUNSEL'S THIRD MOTION TO REMAND**

Pursuant to 28 U.S.C. § 1447(c), Disciplinary Counsel moves to remand this case to the District of Columbia Court of Appeals. As set forth in the Memorandum of Points and Authorities, as well as the Memoranda of Points and Authorities filed in support of the previous two motions to remand, this Court lacks subject matter jurisdiction because the Congress has determined that the States and the District of Columbia should exercise disciplinary authority over Government lawyers.

Respectfully submitted,

*Hamilton P. Fox, III*

_____
Hamilton P. Fox, III
Disciplinary Counsel
Bar Number 113050

2

OFFICE OF DISCIPLINARY<br>
COUNSEL<br>
515 Fifth Street, N.W.<br>
Building A, Room 117<br>
Washington, D.C. 20001<br>
(202) 638-1501

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of February, 2023, I caused Disciplinary Counsel Third Motion to Remanded to be filed through the court's electronic filing system, which automatically sends copies to Mr. Clark's counsel and that I further caused electronic service to be made by email to Mr. Clark's counsels and to James T. Phalen, Esquire, Executive Attorney for the Board on Professional Responsibility.

*Hamilton P. Fox, III*

Hamilton P. Fox, III
Disciplinary Counsel
Bar Number 113050

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF<br><br>JEFFREY B. CLARK,<br><br>Respondent.<br><br>A Member of the Bar of the<br>District of Columbia Court of Appeals<br>(Bar Registration No. 455315)<br><br>D.C. Board on Professional Responsibility<br>Board Docket Nos. 22-BG-059; 22-BD-03<br>Disciplinary Docket No. 2021-D193 | Case No. 1:23-mc-00007-RC<br><br>(Related Case Nos. 1:22-mc-00096-RC, 1:22-mc-00117-RC)<br><br>Judge Rudolph Contreras<br><br>On removal from the D.C.<br>Court of Appeals |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DISCIPLINARY COUNSEL'S THIRD MOTION TO REMAND**

Respondent Jeffrey B. Clark has for the third time filed a Notice of Removal to this Court. This time he seeks to remove a subpoena for documents, not a proceeding, which he claims was never served on him, after the production date has passed, and in the absence of any motion compelling production. He also brings this action even though the District of Columbia Court of Appeals gave notice on January 17, 2023, that it is holding Disciplinary Counsel's motion to compel (which is the subject of Respondent's second Notice of Removal) in abeyance until after this Court rules on the pending motions to remand. For the reasons set forth in the previous two motions to remand, this Court lacks subject matter jurisdiction over these District of Columbia disciplinary matters pursuant to federal statute, 28 U.S.C. § 530B(a), and the implementing regulations of the Department of Justice. Disciplinary Counsel incorporates by reference the arguments set forth in the two motions for remand already on file and makes the following points:

1.      There is no statute or case that says that when a respondent seeks to remove a disciplinary proceeding from "state" to federal court, the state court loses jurisdiction to proceed on the disciplinary matter.  Respondent consistently complains that Disciplinary Counsel is acting in defiance of this Court's jurisdiction as though that were a decided issue of law.  But the removal statutes on which Respondent relies deprives the District of Columbia tribunals of jurisdiction only when there has been notice of the removal of a "civil" matter.  Respondent does not and cannot contend that this disciplinary matter is "civil," because to do so would be to concede that the initial removal of these proceedings was untimely.  Under 28 U.S.C. § 1446(b)(1), a civil action must be removed 30 days after the "defendant" is served.  Respondent was served with the Petition Instituting Formal Disciplinary Proceedings and the Specification of Charges on July 27, 2022, and he filed his first notice of removal on October 17, 2022. *See* Omnibus Memorandum of Points and Authorities in Support of Disciplinary Counsel's [First] Motion to Remand and in Opposition to Respondent's Motion to Stay Response to Subpoenas and Other Deadlines and Motion to Quash Subpoenas (Doc. 5, Oct. 21, 2022) ¶¶ 12-14.

2.      Because civil removal was time-barred, Respondent has latched on to language from a D.C. Court of Appeals case to argue that disciplinary proceedings are a "criminal-civil hybrid," a term of his own invention.  He relies on *In re Artis,* 883 A.2d 85 (D.C. 2005), which described disciplinary matters as "quasi-criminal" and detailed the discovery procedures of the disciplinary system.  These procedures do not include such civil discovery tools as interrogatories, and even depositions are not permitted except for preservation of testimony.  *Id.*  at 99-101.  In fact, a disciplinary proceeding is neither criminal nor civil but rather is part of the Court of Appeals' regulation of the conduct of the lawyers whom it has admitted to practice.  *Cf.* Paragraph

2

28 of Respondent's Third Notice of Removal (expressing concern that the clerk's office has not given these matters a civil docket number).

3.      Respondent makes his "hybrid" argument because the time bar for removing criminal cases against federal employees, if applicable, is arguably more permissive.  A criminal case may be removed by a "defendant" no later than 30 days after arraignment in state court or at any time before trial, whichever is earlier.  28 U.S.C. § 1455(b)(1).  There was no arraignment, or anything like it, in the disciplinary proceeding because this is not a criminal case.  Nor will there be any trial; there is an evidentiary hearing before a hearing committee, which issues a report and recommendation to the Board on Professional Responsibility, but which cannot finally resolve the matter even if neither party takes an exception.  The Board on Professional Responsibility reviews the hearing committee's report and then issues its own report and recommendation to the Court of Appeals.  The Court issues an opinion, after briefing and argument.  Only then is the lawyer disciplined.  Respondent has not specified when the "trial" occurs in this process, but presumably he equates the hearing before the hearing committee with a trial.  Thus, he argues that he filed his removal notice timely because he did it before the hearing/trial was scheduled.

4.      But a problem for Respondent is that removed criminal cases, unlike civil cases, are not stayed until the court to which they are sought to be removed determines "that removal shall be permitted." 28 U.S.C.§ 1445(b)(5).  Until that occurs, which it has not in this case, the criminal proceedings may continue up to a "judgment of conviction."  28 U.S.C.§ 1445(b)(3). Who knows what the equivalent of a judgment of conviction is in a disciplinary proceeding, but it certainly does not occur before the hearing committee issues its report and recommendation.  Thus, if Respondent is correct, and the procedures governing removal of criminal cases, such as time limitations, apply to these proceedings, then the procedures permitting the continuing litigation in

3

the "state" court ought also to apply. Respondent has not and cannot cite any authority—other than his own cherry-picking of the rules governing civil and criminal removal—for the proposition that the disciplinary proceedings are stayed.

5. Accordingly, Disciplinary Counsel has sought to proceed with the disciplinary process as permitted by 28 U.S.C. § 1445(b), assuming that provision applies as the only available alternative since removal for civil cases is time-barred, which included enforcing an outstanding subpoena and issuing another when it came to light that Respondent was writing a book that included an explanation of the conduct for which discipline has been sought. It also included continuing to file the pre-hearing filings required by the hearing committee's scheduling order—witness lists, exhibits, etc.—which Respondent also filed. Finally, when a witness was unable to attend the scheduled hearing because of a family illness, it included seeking a continuance. (For some reason, even though he had filed his witness list and exhibits after seeking removal, Respondent believed he could not consent to a continuance that he clearly wanted.)

6. Apparently out of an abundance of caution, neither the hearing committee nor the Court elected to decide the issue of whether the civil or criminal removal procedures applied and thus whether the disciplinary proceedings could continue until a "judgment of conviction." The hearing committee has issued no rulings since the first notice of removal was filed, not even to say how it intended to proceed until this Court decided the motions for remand, but, as Respondent notes, all pleadings have simply been "lodged" with a notice that the case was removed. Similarly, the D.C. Court of Appeals, rather than grappling with the issue, held Disciplinary Counsel's pending motion to compel in abeyance until this Court rules. Thus, Respondent's efforts to delay the disciplinary process has succeeded without anyone—not the hearing committee, the D.C. Court of Appeals, or this Court—ever ruling that the proceedings are stayed. The only authority for the

proposition that the proceedings are stayed is Respondent's argument that these are hybrid proceedings that allow him to choose which procedures apply—criminal procedures for time limitations but civil procedures for the mandatory stay.

7. The disciplinary matter does not challenge policy advice that Respondent gave to his Department of Justice superiors or to the president. Nor is it an attempt to supervise the internal operations and deliberations of the Executive Branch. Rather, it challenges Respondent's efforts to send an official letter, undermining the integrity of the 2020 presidential election, which the January 6 Committee characterize as "a lie." Final Report of the Select Comm. to Investigate the January 6th Attack on the United States Capitol, 117th Cong. H.R. Rep. 117-663, at 390 (Dec. 22, 2022), https://www.govinfo.gov/content/pkg/GPO-J6-REPORT/pdf/GPO-J6-REPORT.pdf; *see*, *generally id.* at 389-403. Respondent's conduct in question was his attempt to send this false letter, under his signature, after he knew it was a lie, including efforts to coerce his superiors to allow him to do so.

8. There is a substantial issue as to whether this third notice of removal is timely. The subpoena was presented to Respondent on December 27, 2022, although he refused to accept it. Paragraph 6, Third Notice of Removal. Notice of removal was presumably due 30 days later, 28 U.S.C. § 1446(g), or on January 26, 2023, which is when Respondent, consistently waiting until the last minute in order to maximize delay, attempted to file it. But he did not actually file it until February 3, 2023. He is out of time.

## CONCLUSION

Disciplinary Counsel requests that the Court remand this matter to the D.C. Court of Appeals.

Respectfully submitted,

*Hamilton P. Fox, III*
Hamilton P. Fox, III
Disciplinary Counsel
Bar Number 113050

OFFICE OF DISCIPLINARY COUNSEL
515 Fifth Street, N.W.
Building A, Room 117
Washington, D.C. 20001
(202) 638-1501

## CERTIFICATE OF SERVICE

I hereby certify that on 8th day of February 2023, I caused this motion to be filed through the court's electronic filing system, which automatically sends copies to Mr. Clark's counsel and that I further caused electronic service to be made by email to Mr. Clark's counsel and to James T. Phalen, Esquire, Executive Attorney for the Board on Professional Responsibility.

*Hamilton P. Fox, III*
Hamilton P. Fox, III
Disciplinary Counsel
Bar Number 113050

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF<br><br>JEFFREY B. CLARK,<br><br>          Respondent.<br><br>A Member of the Bar of the<br>District of Columbia Court of Appeals<br>(Bar Registration No. 455315)<br><br>D.C. Board on Professional Responsibility<br>Board Docket Nos. 22-BG-059; 22-BD-03<br>Disciplinary Docket No. 2021-D193 | Case No. 1:23-mc-00007-RC<br><br>(Related Case Nos. 1:22-mc-00096-RC, 1:22-mc-00117-RC)<br><br>Judge Rudolph Contreras<br><br>On removal from the D.C.<br>Court of Appeals |

## [PROPOSED] ORDER

Upon consideration of Disciplinary Counsel's Motion to Remand, any opposition filed thereto, and the record in this matter, it is ORDERED that this case is remanded to the District of Columbia Court of Appeals.

_____
Rudolph Contreras
Judge, U.S. District Court

7