DISTRICT OF COLUMBIA COURT OF APPEALS
BOARD ON PROFESSIONAL RESPONSIBILITY
HEARING COMMITTEE NUMBER TWELVE

| | |
|---|---|
| In the Matter of: : | |
| : | FILED |
| JEFFREY B. CLARK, : | Jul 5 2023 12:04pm |
| : | Board on Professional Responsibility |
| Respondent. : | Board Docket No. 22-BD-039 |
| : | Disciplinary Docket No. 2021-D193 |
| A Member of the Bar of the : | |
| District of Columbia Court of Appeals : | |
| (Bar Registration No. 455315) : | |

## ORDER

Disciplinary Counsel filed the Specification of Charges in this matter on July 19, 2022. Respondent filed his Answer on September 1, 2022. The matter was set for a hearing to begin on January 9, 2023.

On October 17, 2022, Respondent filed a notice of removal of this matter to the United States District Court for the District of Columbia. Disciplinary Counsel filed a motion to remand on October 21, 2022. On June 9, 2023, Disciplinary Counsel notified the Hearing Committee that the District Court had granted Disciplinary Counsel's motion to remand on June 8, 2023. *See* Order *In re Clark*, Case Nos.: 22-mc-0096, 22-mc-0117, 23-mc-0007 (D.D.C. June 8, 2023) ("this matter shall be REMANDED for further proceedings") (emphasis in original); *see also* Memorandum Op., *In re Clark*, Case Nos.: 22-mc-0096, 22-mc-0117, 23-mc-0007 (D.D.C. June 8, 2023) (setting forth basis for remand order). On June 16, 2023, the Hearing Committee ordered each party to report on the status of this matter,

specifically addressing rescheduling this matter for a hearing; identifying any issues the parties believe may need to be addressed; proposing any intermediate dates that may need to be scheduled in advance of hearing; and stating the party's position on whether it is appropriate or necessary to schedule an additional prehearing conference. Both parties submitted timely reports, which Disciplinary Counsel purported to file and Respondent, Mr. Clark, to "lodge."

Disciplinary Counsel asserts that the case is ready for hearing, which should be scheduled as soon as possible after Labor Day. Mr. Clark lodged his report because he maintains that this matter should be held in abeyance pending the Court of Appeals' consideration of a subpoena dispute between Mr. Clark and Disciplinary Counsel (*In re Clark*, D.C. App. No. 22-BG-0891). Mr. Clark's Report at 2.

The fact that a party is seeking to enforce a subpoena for use in this proceeding, however, neither requires nor justifies holding this proceeding in abeyance, at least at this point. A subpoena enforcement is not an appeal of this action. It is a collateral proceeding that does not affect jurisdiction here. Nor does its pendency justify delaying all other preparation in this matter. *See In re Clark,* Board Dkt. 22-BD-039, at 4-5 (H.C. Report, Sept. 12, 2022), *adopted on other grounds,* Order, *In re Clark,* Board Dkt. 22-BD-039 (BPR, Sept. 27, 2022).

Regarding scheduling, Mr. Clark also notes that he has appealed the District Court's June 8 Order, attaches his Notice of Appeal, and argues that Hearing Committee proceedings may not commence until that appeal is complete and "not subject to any higher level appellate review." Mr. Clark's Report at 4. Mr. Clark

2

does not assert that the District Court's remand order has been stayed pending appeal, or that any court has issued an order specifically prohibiting further proceedings before this Hearing Committee.

Mr. Clark also argues that the remand order is not immediately effective to dispose of the controversy over removal jurisdiction because the District Court has not yet issued a separate "judgment" pursuant to Fed. R. Civ. P. 58, which requires that a judgment "must be set out in a separate document." Mr. Clark's Report at 3. As noted above, Mr. Clark's statement that the District Court did not create a separate document does not appear to be true. The District Court *did* enter a separate order remanding the case. *See In re Clark*, No. 23-7073 (D.D.C.), Dkt. Nos. 19-20. Indeed, Mr. Clark has appealed the order and the United States Court of Appeals for the District of Columbia Circuit has docketed the appeal. *In re Clark*, 23-7073 (D.C. Cir.).

But even if Mr. Clark were correct that the District Court did not properly enter a judgment in a separate document, that would raise a potential question only about whether his appeal was valid. It would not change the fact that the District Court ordered the case to be remanded. The Supreme Court has concluded that "[t]he sole purpose of the separate-document requirement, which was added to Rule 58 in 1963, was to clarify when the time for appeal under 28 U.S.C. § 2107 begins to run." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384 (1978); *accord Diamond by Diamond v. McKenzie*, 770 F.2d 225, 230–31 (D.C. Cir. 1985). Courts enter many orders (for example, discovery rulings, injuctions, scheduling orders and *pro hac*

3

*vice* orders), that do not operate by themselves as final judgments. Those orders are nonetheless effective unless they are stayed.

Mr. Clark's decision to appeal did not stay the District Court's Order. "A stay" of a motion to remand pending appeal "is not a matter of right even if irreparable injury might result." *Leroy v. Hume*, 563 F.Supp.3d 22 (E.D. N.Y 2021) (quoting *Virginia Ry. Co. v. United States*, 272 U.S. 268, 272 (1926)). *See also, e.g.*, *Wilde v. Huntington Ingalls, Inc.*, 616 Fed. Appx. 710 (5th Cir. 2015) (denying motion to stay an order of remand pending appeal); *Martin v. Serrano Post Acute LLC*, 2020 WL 13302380 (C.D. Cal. 2020) (same) *Mayor of Baltimore v. BP P.L.C.*, 2019 WL 3464667 (D. Md. 2019) (same). The docket reflects that Mr. Clark did not even seek to stay order, much less obtain a stay.

Mr. Clark also asserts that it would be premature to reschedule the hearing at this time because, among other things, Mr. Clark will want to litigate to the Chair via motions practice "numerous threshold matters," and that *mandamus* proceedings may be required. Mr. Clark's Report at 4-5. However, Board Rule 7.16 does not permit our Committee to delay the hearing to resolve motions that are not directed to the manner in which the hearing is to be conducted, or the admissibility of evidence. Instead "the Hearing Committee shall include in its report to the Board a proposed disposition and the reasons therefor. The Board will rule on all such motions in its disposition in the case." *See also In re Stanton*, 470 A.2d 281, 285 (D.C. 1983) (appended Board report) (once a Specification of Charges has been filed, "the underlying purposes of the Board require that we proceed directly to a

hearing on the merits rather than being detoured into questions of pleading and form.").[1]

Upon consideration of the foregoing, and it appearing that this matter has been remanded to the Hearing Committee, and it further appearing that a pre-hearing conference would assist the Hearing Committee in scheduling this matter for a hearing, it is hereby

ORDERED that a pre-hearing conference will be held in the above-captioned matter at **1:00 p.m.** on **July 12, 2023**, via Zoom video conference, in accordance with Board Rule 7.24, and will be live-streamed on the Hearing Committees' YouTube channel. Disciplinary Counsel and Mr. Clark and/or his counsel shall appear promptly at that time. The parties are directed to avoid scheduling conflicting

---

[1] Mr. Clark renews an argument he has made before that the Committee should not follow the Board's procedures because, if this Committee were a federal court, it could not avoid reaching a difficult jurisdictional issue by resolving the case based on merits arguments that are easier to adjudicate. Mr. Clark's Report at 5. Mr. Clark's argument misstates our role. The Committee is not a federal court and does not determine merits at all. Rather, it issues a report and recommendation that is filed with the Board (under procedures the Board establishes). Nothing in the decisions Mr. Clark cites involving federal courts bars the Board from having the Committee issue a report and recommendation on all issues at once. Nor does it authorize (much less require) the Committee to establish a motion practice that the Board did not contemplate. In any event, even if we assumed that the federal court principle Mr. Clark references applied to this Committee, following Board Rule 7.16 (by making a report and recommendation after hearing rather than deciding a case on papers), would not violate that principle. Complying with Board Rule 7.16 does not mean that the Committee will overlook a difficult "jurisdictional" argument in order to resolve the case on the merits. To the contrary, the Rule contemplates that we carefully consider all issues, report on the relate facts and make recommendations on all appropriate determinations.

5

matters and shall inform any court or administrative agency of this prior commitment to the disciplinary system; and it is further

ORDERED that prior to the pre-hearing conference, the parties are directed to meet and confer with respect to scheduling the evidentiary hearing of this matter during 2023, and any intermediate dates that may need to be scheduled in advance of hearing. When considering scheduling, the parties are reminded that subpoenas are available to compel the attendance of witnesses, and witness testimony may be taken from a remote location pursuant to Board Rule 11.4. The parties are further reminded to allow time for opening statements and closing arguments when estimating the time necessary for the hearing; and it is further

ORDERED that Mr. Clark's attention is drawn to Board Administrative Order 2023-01, which provides, among other things, that

> Board oral arguments and Hearing Committee hearings in contested cases and reinstatement cases that have not yet been scheduled for a hearing, shall be scheduled for an in-person proceeding unless the respondent requests that the proceeding be held over Zoom. For Board arguments, the request to conduct the argument over Zoom, if any, shall be contained in the respondent's brief, immediately before the respondent's or counsel's signature. For Hearing Committee hearings in contested cases and reinstatement cases, the request to conduct the hearing over Zoom, if any, shall be made as soon as practicable, but no later than the date set for the pre-hearing conference. Such request shall be filed with the Office of the Executive Attorney and served on Disciplinary Counsel;

and it is further

ORDERED that the Office of the Executive Attorney is directed to serve this order by email, and to circulate the link for the Zoom pre-hearing conference.

                HEARING COMMITTEE NUMBER TWELVE

By: _____*Merril Hirsh*_____
      Merril Hirsh
      Chair

cc:

Jeffrey Clark, Esquire
c/o Charles Burnham, Esquire
Robert A. Destro, Esquire
Harry W. MacDougald, Esquire
charles@burnhamgorokhov.com
robert.destro@protonmail.com
hmacdougald@ccedlaw.com

Hamilton P. Fox, III, Esquire
Jason R. Horrell, Esquire
Office of Disciplinary Counsel
foxp@dcodc.org
horrellj@dcodc.org